## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TRAVIS GEIST, on behalf of himself and all others similarly situated, | CASE NO. _____ |
| Plaintiff, | |
| v. | CLASS-ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| GRINNELL SELECT INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, Travis Geist, individually and on behalf of all others similarly situated, files this Class Action Complaint against Grinnell Select Insurance Company ("Grinnell" or "Defendant") and in support states as follows:

### NATURE OF THE ACTION

1. This is a class action lawsuit by Plaintiff Travis Geist who was the named insured under a Grinnell automobile policy for private passenger auto physical damage, pursuant to which Defendant was required to pay the applicable sales tax for a damaged or stolen vehicle as part of a payment of loss.

2. Insureds, such as Plaintiff and the putative Class Members, pay a premium in exchange for Grinnell's promises under its automobile policy.

3. Nevertheless, Grinnell failed to include sales tax in making its loss payment to Class Members in breach of its clear policy promise.

4. This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Grinnell's failure to pay sales tax.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities throughout the State of Missouri, and makes its insurance services available to residents of Missouri. Further, this Court has personal jurisdiction over Defendant because Defendant's tortious conduct against Plaintiff occurred in substantial part within this District and because Defendant committed the same wrongful acts to other individuals within this judicial District, such that some of Defendant's acts have occurred within this District, subjecting Defendant to jurisdiction here.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because at least one member of the putative class, including Plaintiff, is a citizen of Missouri, and Defendant is a citizen of Indiana, thus CAFA's minimal diversity requirement is met. Additionally, Plaintiff seeks an award of damages (including actual, compensatory, statutory, and punitive, as provided by law) and restitution to Plaintiff and the Class in an amount to be determined at trial, for each violation, which, when aggregated among a proposed class of potential thousands, exclusive of interests and costs, exceeds the $5,000,000 threshold for federal jurisdiction under the Class Action Fairness Act ("CAFA").

7. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events giving rise to the claim occurred in this District, and because Plaintiff was injured in this District.

## THE PARTIES

8. At all times material hereto, Plaintiff Travis Geist is and was a citizen of the State of Missouri and domiciled in Crawford County.

9. At all times material hereto, Defendant is and was a corporation located in the State of Iowa and authorized to transact insurance in the State of Missouri and conducting a substantial part of its business in Crawford County. Defendant's principal place of business and headquarters are both located in the State of Iowa.

## GRINNELL POLICY

10. The Form Policy issued by Grinnell to the Plaintiff and all putative class members are virtually identical in all material respects. Affixed hereto is the Policy Form issued to Mr. Geist (the "Policy"). The terms therein are applicable and identical to the terms applicable to Mr. Geist and all putative class members. Exh. A (Policy).

11. In its standardized Policy, Defendant promises to pay for "direct and accidental loss" to a covered auto. *Id.* at p. 25 of PDF.

12. In the event that an insured's covered auto sustains loss, Defendant explains, in its "Payment of Loss" section, "[w]e may pay for loss in money or repair or replace the damaged or stolen property." *Id.* at p. 27 of PDF.

13. Defendant further promises "[i]f we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property." *Id.*

## PLAINTIFF TRAVIS GEIST'S ACCIDENT

14. At all times material hereto, Plaintiff insured a 2008 Chevrolet Impala under the Policy issued by Grinnell.

15. On or about January 25, 2021, the insured vehicle sustained loss or damage, after which Plaintiff filed a claim for property damage with Grinnell.

16. Following the filing of said claim, Defendant determined that the vehicle was a total loss with a base vehicle and market value of $5,799.91. Exh. B (Valuation Report).

3

17. Grinnell calculates the base and adjusted value through a third-party vendor Mitchell International, Inc. ("Mitchell"), which bases vehicle valuations on the cost to purchase similar vehicles with similar conditions and mileage. First, Mitchell identifies the underlying value of comparable vehicles, from which it adjusts based on any differences in mileage, trim, options, *etc. See* Exh. B.

18. Grinnell paid only the value of $5,800.00 and subtracted the deductible of $500.00 for a total payment of $5,300.00. Exh. C (Settlement Letter). By failing to include sales tax in making payment for the loss, Grinnell breached its contract with Plaintiff.

19. Nothing in the Policy unambiguously excludes sales tax or contradicts Defendant's promise to pay sales tax where it pays for the loss in money. To the extent the applicable limitation on liability is the vehicle's actual cash value, such limitation does not operate to exclude or subvert Defendant's explicit and unambiguous promise to include payment for sales tax in its loss payments.

20. Similarly, Grinnell failed to pay sales tax to all members of the Class, defined below, and thus breached its contract with all such Class Members.

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23. The proposed Class is defined as follows:

> All Missouri insureds, under a policy issued by Grinnell covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within the applicable statute of limitations prior to the filing of this lawsuit through the date of the certification Order, submitted a first-party property damage claim determined by Grinnell to constitute a covered loss claim and where the loss claim payment did not include sales tax.

22.     Excluded from the Class are Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Judge(s) and Court staff assigned to this case and their immediate family members. Plaintiff reserves the right to modify or amend the Class definition during the course of this litigation.

23.     Class certification is appropriate because Plaintiff can prove the elements of his claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

24.     **Numerosity.** The members of the Class are so numerous that individual joinder of all Class members is impracticable. While Plaintiff is informed and believes that there are thousands of Class members, the precise number is unknown to Plaintiff, but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

25.     **Commonality.** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether Defendant's failure to pay sales tax breached its contracts with Plaintiff and the other Class members; and

   b. whether Plaintiff and the Class are entitled to damages and the measure of damages owed to them.

26.     **Typicality.** Plaintiff's claims are also typical of the other Class members' claims because Plaintiff and the other Class members were all similarly affected by Defendant's failure to pay sales tax.  Plaintiff's claims are based upon the same legal theories as those of the other Class members. Plaintiff and the other Class members sustained damages as a direct and proximate

result of the same wrongful practices in which Defendant engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the other Class members.

27. **Adequacy of Representation.** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the other Class members whom they seek to represent, and Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

28. **Superiority.** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, such that it would be impracticable for the Class members to individually seek redress for Defendant's wrongful conduct. Even if the Class members could afford litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I: BREACH OF CONTRACT

29. Paragraphs 1 through 28 are hereby incorporated by reference.

30. This count is brought by Plaintiff Travis Geist individually and on behalf of the Class Members.

31. Plaintiff was party to an insurance contract with Grinnell as set forth herein. All Class Members were parties to an insurance contract with Grinnell containing materially-identical terms. Plaintiff and members of the Class satisfied all conditions precedent.

32. Plaintiff and all Class Members made a claim determined by Grinnell to be a first-party loss under the insurance policy and determined by Grinnell to be a covered claim.

33. Upon the loss to the insured vehicles, Plaintiff and every Class Member were owed the sales tax as part of their loss payment. Nevertheless, Defendant failed to include sales tax in making the loss claim payments.

34. By failing to include sales tax in the loss claim payments, Defendant breached its contract with Plaintiff and with each respective Class Member.

35. As a result, Plaintiff and all Class Members were damaged, and are entitled to damages in the amount of the Sales Tax, less any amount in sales tax already paid (if any), along with prejudgment interest, post-judgment interest, costs, and attorneys' fees allowable by law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Travis Geist, individually and on behalf of the Class Members, demand a trial by jury on all triable issues and seek relief and judgment as follows:

- For an Order certifying this action as a Class Action on behalf of the Class described above;

- For an award of compensatory damages for the Class in amounts owed under the Policies;

- For all other damages according to proof;

- For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

- For costs of suit incurred herein;

- For pre and post-judgment interest on any amounts awarded; and

- For injunctive and other further forms of relief as this Court deems just and proper.

Dated: April 18, 2022

                                        Respectfully submitted,

**SHAMIS & GENTILE**
/s/ Andrew J. Shamis
Andrew J. Shamis
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL, 33132
305.479.2299

**DAPEER LAW, P.A.**
Rachel Dapeer*
FBN: 108039
rachel@dapeer.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-610-5223

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.*
FBN: 0100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180

*Counsel for Plaintiff*
**pro hac vice to be filed*